Lou Ann Spellman *Pro se*
Kevin J Hicks *Pro se*
7426 Lone Cactus Drive
Glendale, Arizona 85308
(602) 886-0568
ljspellman48@gmail.com
*Pro se Plaintiffs*

| FILED | ___ LODGED |
|---|---|
| ✓ | |
| ___ RECEIVED | ___ COPY |

JUN – 9 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PHOENIX DIVISION

Lou Ann Spellman and Kevin J Hicks,

      Plaintiff(s),

v.

Academy Mortgage Corporation, a division of
Guild Mortgage, a Delaware corporation,
and Academy Mortgage Corporation's successors
and assigns; Onity Mortgage, formerly known as
PHH Mortgage, a subsidiary of Onity
Group Inc., a Florida corporation, and Onity
Mortgage's successors and assigns,

      Defendant(s).

Case No. **CV-26-04053-PHX-DJH**

**COMPLAINT FOR DAMAGES**
**VIOLATION OF THE REAL ESTATE SETTLEMENT**
**PROCEDURES ACT 12 U.S.C. § 2605(e) ,**
VIOLATIONS OF FDCPA 15 U.S.C. § 1692; 12 U.S.C. § 1813; 18 U.S.C. § 1001; 18 U.S.C. § 1341/1343;
18 U.S.C. § 1344; 18 U.S.C. § 1951 - (Hobbs Act); UCC Article 9-210;
And for a Comprehensive accounting inclusive list of all collateral

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is a civil action for damages arising from Defendant PHH Mortgage Services, currently known as Onity Mortgage ("Defendant" or "Servicer"), having failed to respond to a Qualified Written Request ("QWR") within the mandatory statutory period established by the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). The QWR was received and accepted by Defendant on April 25, 2026, at 7:14 AM. The thirty (30) business day statutory deadline for a substantive response expired on May 26, 2026, at 7:14 AM. As of the date of this Complaint, Defendants have provided no substantive response whatsoever.

2. Plaintiffs Lou Anne Spellman and Kevin J. Hicks ("Plaintiffs") reside at 7426 West Lone Cactus Drive, Glendale, Arizona 85308, and are the borrowers on Loan Account No. 7910879175 eventually serviced by Defendant. Defendant's complete non-response, now for the second time, has caused Plaintiffs concrete, actual, and documentable harm, including but not limited to: impairment of Plaintiffs' ability to obtain loan account information necessary to their active pending state court appeal before the Arizona Court of Appeals, Case No. CA-CV 26-0455 (Maricopa County Superior Court Case No. CV2026-014030); out-of-pocket costs and time expended in attempting to obtain the information; and financial hann directly traceable to Defendants' failure to investigate and correct servicing errors raised in the QWR.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the laws of the United States, specifically the Real Estate Settlement Procedures Act ("RESP A"), 12 U.S.C. §§ 2601 et seq., a federal statute.

4. RESPA expressly provides a private right of action for injured borrowers in federal court. 12 U.S.C. § 2605(f). No diversity jurisdiction is required; this Court's authority to hear this matter is grounded entirely in federal question jurisdiction.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district: the subject property- 7426 West Lone Cactus Drive, Glendale, Arizona 85308 - is located within Maricopa County, Arizona, which falls within the Phoenix Division of the United States District Court for the District of Arizona.

6. Plaintiffs have Article III standing. Plaintiffs have suffered a concrete, particularized, and

actual injury in fact that is fairly traceable to Defendant's statutory violation and redressable by a favorable decision of this Court. The injury is not hypothetical: it is the documented deprivation of loan account information that is directly material to Plaintiffs' active pending state court appeal before the Arizona Court of Appeals, Case No. CA-CV26-0455 (Maricopa County Superior Court Case No. CV2026-014030), as well as actual out-of-pocket costs, time, and financial and other personal harm set forth herein.

**PARTIES**

7. Plaintiff Lou Anne Spellman is a natural person residing at 7426 West Lone Cactus Drive, Glendale, Arizona 85308, and is a borrower on the mortgage loan account that is the subject of this action.

8. Plaintiff Kevin J. Hicks is a natural person residing at 7426 West Lone Cactus Drive, Glendale, Arizona 85308, and is a co-borrower on the same mortgage loan account.

9. Defendant PHH Mortgage Services/ Onity Mortgage is a mortgage loan servicer doing business in the State of Arizona with its principal mailing address at P.O. Box 24738, West Palm Beach, Florida 33416. Starting in November 2022, Defendant became the servicer of Plaintiffs' mortgage loan, Account No. 7910879175, secured by the property located at 7426 West Lone Cactus Drive, Glendale, Arizona 85308. Defendant is a "servicer" as defined under 12 U.S.C. § 2605(i)(2) and is subject to RESPA's obligations thereunder.

10 Defendant Academy Mortgage, (Academy) a division of Guild Mortgage, (Guild) with its principal office address at 339 W 13490 S, Draper, Utah 84020, was the original non-bank lender from whom Plaintiff's completed the mortgage documents.

**STATUTORY AND REGULATORY FRAMEWORK**

11. RESPA, codified at 12 U.S.C. §§ 2601 et seq., is a federal consumer protection statute governing the servicing of federally-related mortgage loans.  Under 12 U.S.C. § 2605(e)(l)(A), a mortgage loan servicer must acknowledge receipt of a Qualified Written Request (QWR) within five (5) business days of receiving it.

12. Under 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36(d)(l ), a servicer must provide a complete substantive written response to a QWR within thirty (30) business days of receipt, with a permissible extension of up to fifteen (15) additional business days upon written notice under C.F.R. § 1024.36(d)(2).

13. Under 12 U.S.C. § 2605(f), a servicer who fails to comply with these requirements is liable to the borrower for: (a) actual damages; (b) additional damages not to exceed $2,000 upon a finding of a pattern or practice of non-compliance; and (c) attorneys' fees and costs.

14. The statute of limitations for a RESPA servicing violation is three (3) years from the date of the violation. 12 U.S.C. § 2614.

15. Plaintiffs rely on West Virginia v. Environmental Protection Agency, et al, 597 U.S. 697 (2022), by the U.S. Supreme Court. This reinforces the stare decisis Tennessee Supreme Court case, Norton v. Shelby County,118 U.S. 425 (1886). The original case from Tennessee clearly says the rules and edicts and administrative codes adopted by federal agencies "Have no more power than as if you or I wrote them," and the agencies themselves have no legislative powers, and have never had such authority, e.g. the IRS being involved in mortgage contracts.

16. Federal Reserve Bank (FRB) Operating Circular 10, Appendix 3 - Borrower is pledgor of the collateral. It says, "To the Federal Reserve Banks: Below are the names, titles and signatures of the individuals authorized to pledge collateral to request to borrow money from the Federal Reserve Banks on behalf of the Borrower identified above." This makes the Borrower the holder in due course, as the alleged Lender is only holding or securing as custodial agent the collateral on behalf of the Borrower identified therein.

17. FRB Operating Circular 10 establishes Agency status only, and that purported Lenders are the agent or intermediary for the Borrower, NOT the lender. Section 12.3 begins: "The Borrower appoints the Bank, with full power of substitution, as its true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of the Borrower to endorse, assign, transfer, and deliver Collateral to any party," etc. This evidences the pledge collateral is pledged on the Borrower's behalf.

18. FRB Operating Circular 10 and the Federal Reserve Act state:  Funds are "advanced" not "loaned." Any claim of lender status is a false claim.  If they utilize the Fed window, they cannot claim lender status.

## FACTUAL ALLEGATIONS

A. The Mortgage Loan and Servicing Relationship

19. Plaintiffs are the borrowers on a federally-related mortgage loan, Account No. 7910879175, secured by a deed of trust on the property located at 7426 West Lone Cactus Drive, Glendale, Arizona 85308 ("Subject Property").

20. At all times relevant, Defendant Academy Mortgage Corporation and Defendant PHH Mortgage Services / Onity Mortgage was and is the servicer of said loan.

21. Plaintiffs have been involved in active state court proceedings concerning the Subject Property, including a pending appeal currently before the Arizona Court of Appeals, Case No. CA-CV2026-014030 (arising from Maricopa County Superior Court Case No. CV2026-014030), with a filing deadline of June 9, 2026, in which information requested through the QWR was and remains directly material to the preparation and prosecution of Plaintiffs' appeal.

B. The Qualified Written Request

22. On or about April 18, 2026, Plaintiffs transmitted a Qualified Written Request to Defendant via USPS Certified Mail, Tracking No. 9589 0710 5270 4018 1443 40, directed to P.O. Box 24738, West Palm Beach, Florida 33416 - the address designated by Defendant for receipt of QWRs.

23. The QWR identified Plaintiffs by name and loan account number, identified it as a QWR under RESPA, and set forth specific, particularized requests for information concerning Plaintiffs' loan account, including but not limited to: a complete payment history; a full accounting of all fees, charges, and escrow disbursements; identification of the current holder of the promissory note; the chain of assignment of the promissory note and deed of trust; and identification and correction of servicing errors.

24. USPS delivery records confirm that Defendant accepted and received the QWR on April 25, 2026, at 7:14 AM. A copy of the QWR and USPS delivery confirmation are attached hereto as Exhibit A.

C.

25. Defendant PHH/Onity/s contained only a statement asserting that it is not required to produce the original promissory note under Arizona law, but in past correspondence has indicated that it holds the original note at US Bank DCS. Defendant provided no other substantive response to any other item set forth in the QWR.

26. The thirty (30) business day period for a substantive response to the QWR expired on June 8, 2026, at 7:14 AM, thirty (30) days after confirmed receipt.

27. Defendant did not request or invoke any permissible extension of the response period under 12 C.F.R. § 1024.36(d)(2).

28. As of the date of this Complaint, June 9, 2026, Defendant PHH has provided no substantive written

response to any item in the QWR.  Defendant has not contacted Plaintiffs, provided a partial response, or communicated any reason for its non-compliance.

29.  Plaintiff Spellman has been exchanging correspondence since October 2024 with Defendant PHH/Onity in attempts to extinguish this debt, and on every occasion PHH refused my offers and tenders.  Plaintiffs incorporate by reference all prior filings made in this foreclosure matter, and the allegations therein.

30.  Plaintiff Spellman offers documentation from MERS showing an "inactive" status for this account before any foreclosure action was commenced.

31.  Plaintiff Spellman sent Qualified Written Requests to Defendants in approximately May of 2025, and again in May of 2026.  The same non-responses were provided by PHH, but Academy Mortgage responded to this set, and indicated, under blue wet ink signature, that Academy Mortgage sold this note to Ginnie Mae at the end of April 2020, ending Plaintiffs' obligation in this transaction.

32.  Plaintiffs will offer further supporting documentation as exhibits to support all of the allegations herein.

D.  Actual Damages Suffered by Plaintiff:

33.  As a direct and proximate result of Defendant's failure to respond, Plaintiffs have suffered the following concrete, actual damages:(a) Impairment of State Court Appeal: Plaintiffs have a pending state court appeal before the Arizona Court of Appeals, Case No. CA-CV2026-014030 (arising from Maricopa County Superior Court Case No. CV2026-014030), with a filing deadline of June 9, 2026. Information sought in the QWR- including the complete payment history, the chain of assignment of the note and deed of trust, and identification of all fees and charges - was and is directly material to the preparation and contents of said appeal. Defendant's non-response has forced Plaintiffs to proceed without critical loan account information, impairing their ability to fully and fairly prosecute their appeal and causing concrete harm to Plaintiffs' legal proceedings. (c) Financial Harm - Inability to Identify and Correct Servicing Errors: The QWR requested identification and correction of servicing errors, including but not limited to misapplied payments, improper fees, and escrow accounting irregularities. By failing to respond, Defendant has prevented Plaintiffs from identifying, quantifying, and correcting these errors, causing ongoing financial harm during the period of non-response.

(d) Emotional Distress: Plaintiffs have suffered emotional distress, anxiety, and mental anguish directly caused by Defendant's non-response in the context of active foreclosure proceedings, an imminent appeal deadline, and the ongoing anxiety, and mental anguish directly caused by Defendant's non-response in the context of active foreclosure

proceedings, an imminent appeal deadline, and the ongoing threat of loss of Plaintiffs' home - distress traceable to Defendant's failure to provide the information Plaintiffs were legally entitled to receive.

Plaintiff Spellman, fearing possible claims of abandonment against Plaintiffs, did not attend her oldest sister's funeral in Vermont in May.

## CLAIMS FOR RELIEF

### COUNT I-Violation of RESPA, 12 U.S.C. § 2605(e)

34.  Plaintiffs incorporate and re-allege all preceding paragraphs as though fully set forth herein.

35.  At all times relevant, Plaintiffs' mortgage loan constituted a "federally related mortgage loan" as defined by 12 U.S.C. § 2602(1), and Defendants constituted a "servicer" as defined by 12 U.S.C. § 2605(i)(2). Accordingly, Defendant was and is fully subject to the obligations of 12 U.S.C. § 2605(e).

36.  Plaintiffs' QWR, transmitted via certified mail on or about April 20, 2026, and received by Defendant on April 25, 2026 at 7:14 AM, constituted a valid Qualified Written Request as defined by 12 U.S.C. § 2605(e)(I)(B) in that it: (i) was a written correspondence other than notice on a payment coupon; (ii) included the name and account of the borrower; and (iii) included a statement of reasons for the borrower's belief that the account was in error or set forth sufficient detail regarding other information sought by the borrower.

37.  Defendant violated 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36(d)(I) by failing to provide any substantive written response to the QWR within thirty (30) business days of confirmed receipt on April 25, 2026.

38. Defendant did not invoke the permissible extension period under 12 C.F.R. § 1024.36(d)(2), and provided no notice of inability to comply within the statutory period.

39.  Defendant's violations have directly and proximately caused Plaintiffs the actual damages described in paragraphs 26(a) through 26(d) above.

### COUNT II - Pattern or Practice of Non-Compliance, 12 U.S.C. § 2605(f)(I)(B)

40. Plaintiffs incorporate and re-allege all preceding paragraphs as though fully set forth herein.

41. Defendant's conduct demonstrates a pattern or practice of non-compliance with RESPA's QWR response requirements, including: (a) providing a late five (5) business day acknowledgment; (b) providing an acknowledgment that addressed only the original note issue while ignoring all other items in the QWR; (c) failing to provide any substantive response within the thirty (30) business day statutory period; and (d) failing to request any permissible extension or communicate any reason for non-compliance.

42. In addition to actual damages, Plaintiffs are entitled to additional damages not to exceed $2,000.00 pursuant to 12 U.S.C. § 2605(f)(l)(B) based on Defendant's pattern or practice of non-compliance.

## COUNT III - Challenge to Standing Under Federal Common Law, Carpenter v. Longan, 83 U.S. 271 (1872)

43. Plaintiffs incorporate and re-allege all preceding paragraphs as though fully set forth herein.

44. Under the Supreme Court's holding in Carpenter v. Longan, 83 U.S. 271 (1872), the promissory note and the mortgage or deed of trust are inseparable instruments: the note is the principal, and the deed of trust is the incident. An assignment of the note carries the security instrument with it; an assignment of the security instrument alone, separate from the note, is a nullity. The Court held: "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

45. The QWR submitted by Plaintiffs requested, among other items, the identity of the current holder of the promissory note and a complete chain of assignment of both the promissory note and the deed of trust associated with Loan Account No. 7910879175. Defendant's non-response has prevented Plaintiffs from determining whether the entity asserting the right to foreclose on the Subject Property holds, or has ever properly held, both the promissory note and the deed of trust in proper alignment as required under Carpenter v. Longan and federal common law.

46. Plaintiffs reserve all rights to challenge, in this action and in their pending state court appeal before the Arizona Court of Appeals, Case No. CA-CV2026-014030 (Maricopa County Superior

Court Case No. CV2026-014030), whether Defendant and/or the foreclosing entity has demonstrated a proper, unbroken chain of title to both the promissory note and the deed of trust, and therefore possesses the legal standing to foreclose on the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Lou Anne Spellman and Kevin J. Hicks respectfully request that this Court enter judgment in their favor and against Defendant PHH Mortgage Services / Onity Mortgage, and award the following relief:

A. Actual damages in an amount to be determined at trial, including but not limited to costs, time, out-of-pocket expenses, financial harm from uncorrected servicing errors, impairment of Plaintiffs' state court appeal, and emotional distress, pursuant to 12 U.S.C. § 2605(f)(I)(A);

B. Additional statutory damages not to exceed $2,000.00 based on Defendant's pattern or practice of non-compliance, pursuant to 12 U.S.C. § 2605(f)(I)(B);

C. Attorneys' fees and costs of suit, pursuant to 12 U.S.C. § 2605(f)(3);

D. An order requiring Defendant to immediately provide a full and complete written response to Plaintiffs' QWR of April 25, 2026, as declaratory/injunctive relief ancillary to the damages claims;

E. A declaration that Defendant violated 12 U.S.C. § 2605(e) and Regulation X, 12 C.F.R. § 1024.36;

F. Plaintiff demands all exemptions withheld at the time of signing or thereafter, such as Regulation Z.

G. Plaintiffs demand a complete accounting of their account from time of inception to present, itemizing fees, interest and penalties charged to their account. Plaintiff has questions about a negative value non-cash entry on their accounting provide at time of servicing change to PHH, and we will delineate exactly what we are requesting, and based upon the Daly/ Credit River matter and the Bruce matter, Plaintiffs will challenge any claims of proprietary information claimed by Defendants for accounting.

H. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

## VERIFICATION

I, Lou Anne Spellman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

I, Kevin J. Hicks, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the factual allegations contained therein are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

By: _____       By: _____
        Lou Anne Spellman                                         Kevin J Hicks

June 9, 2026
Lou Anne Spellman, Pro Se
Kevin J Hicks, Pro Se
7426 West Lone Cactus Drive
Glendale, Arizona 85308
(602) 886-0568
ljspellman48@gmail.com

EXHIBITS

Exhibit A - Copy of Qualified Written Request dated on or about April 18, 2026, and USPS Certified Mail delivery confirmation, Tracking No. 9589 0710 5270 4018 1443 40, confirming receipt on April 25, 2026 at 7:14 AM
Exhibit B - PHH Mortgage Services/ Onity Mortgage late five-day acknowledgment notice, including statement regarding original promissory note
Exhibit C - USPS PS Form 3811 Return Receipt, No. 9590 9402 8758 3310 6596 96, confirming delivery of Formal Notice of Non-Response dated June 2, 2026 (to be attached upon receipt of signed green card)